Dear Mr. Jaques:
This office is in receipt of your opinion request dated December 5, 1996, regarding the Louisiana Library Foundation (LLF). Specifically, you ask whether the LLF is legally able to receive royalties from the sale of a particular book.
This book is the subject of a contract between the LLF and the Greenwood Publishing Group entered into in October, 1995, and involved the publication of a reference work listing song titles held in the State Library collections. Two checks have since been received by the LLF totaling $10,584.52. These monies have been deposited into the LLF's account and will be used to benefit the State Library's goals and directives.
The central issue is whether this arrangement violates ArticleVII, § 14 of the Louisiana Constitution (1974), which precludes the "funds, credit, property or things of value of the state" from being "loaned, pledged or donated to or for any person, association, or corporation, public or private."
The Louisiana Supreme Court has interpreted Article VII, § 14 to be violated whenever the state or political subdivision seeks to give up something of value when it is under no obligation to do so. City of Port Allen v. Louisiana Municipal Risk Agency,439 So.2d 399 (La. 1983). However, in Guste v. Nicholls CollegeFoundation, 564 So.2d 682 (La. 1990), a transfer of public funds by the Nicholls State University Alumni Federation to the Nicholls College Foundation was held to be given and accepted "under the authority of the constitution and the laws of this state" as the funds were "transferred in the discharge of the Federation's Constitutional or legal duties" and were accepted by the Foundation, "assumedly a non-public body (a non-profit corporation) with a commitment to assist the Federation in carrying out its constitutional and legal duties in public education".
The objects and purposes of the Foundation appear in Article IV of the LLF's Articles of Incorporation which, in part, states:
 The objects and purposes for which this nonprofit corporation are founded are exclusively for charitable, educational, and scientific purposes. . ., and particularly:
 1) To assist those persons or organizations involved in promoting the use of books and reading by providing funds for activities such as, but not limited to, programs, symposiums, lectures, exhibits, publications, radio, television and newsprint advertising and announcements, travel, speaker fees, and all other expenses related to the promotion of reading.
 * * *
 3) To assist the Louisiana State Library by providing funds for books and materials, equipment, printing, publicity, programs, salaries, activities and services in keeping with its mission and purpose.
These directives parallel and reinforce the purposes and goals of the Louisiana State Library mandated in LSA-R.S. 25:1, et seq., and R.S. 25:31, et seq.
Consistent with the decision of the Supreme Court rendered in Guste v. Nicholls, supra, it is the opinion of this office that the LLF is legally able to receive proceeds from the sale of the book in question in accordance with the royalty contract so long as these funds are expended in accordance with the LLF's mission as stated in its Articles of Incorporation.
I trust this addresses your concerns. Please contact this office if we can be further assistance.
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
BY: __________________________ CARLOS M. FINALET, III ASSISTANT ATTORNEY GENERAL
RPI:CMF:gbe